**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ImageFIRST Holdings LLC,<br><br>Plaintiff,<br><br>v.<br><br>Banner Health, Banner Boswell Medical Center, Banner Del E Webb Medical Center, Banner-University Medical Center Tucson, Banner-University Medical Center South, Banner Estrella Medical Center, and Supply Chain Value Network LLC,<br><br>Defendants. | No. CV-25-03256-PHX-JAT<br><br>**ORDER** |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the complaint fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332.

To properly plead diversity jurisdiction, a complaint must list the citizenship of every member of any party that is a limited liability company (LLC). *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016); *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). Here, the complaint states, "The members of the limited liability companies, ImageFIRST Holdings, LLC, Banner–University Medical Center Tucson, Banner–University Medical Center South, and Supply Chain Value Network, LLC, have complete diversity of citizenship." (Doc. 2 at 3). This is an inadequate jurisdictional allegation for the LLCs.

The complaint also fails to plead diversity jurisdiction or citizenship for three of the four other Defendants. The complaint fails to allege a corporate structure or plead *any* jurisdictional allegation for Defendants Banner Boswell Medical Center, Banner Del E. Webb Medical Center or Banner Estrella Medical Center. This is an inadequate jurisdictional allegation.

The complaint alleges Banner Health is an Arizona nonprofit corporation (Doc. 1 at 2) and has its principal place of business in Arizona (Doc. 1 at 3). This is the only party for whom Plaintiff adequately pleaded citizenship. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010).

Additionally, Plaintiff's disclosure statement filed pursuant to Federal Rule of Civil Procedural 7.1(a)(2) is inadequate. (*See* Doc. 2). Rule 7.1(a)(2) requires in relevant part: "In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party… must…file a disclosure statement. The statement must **name—and identify the citizenship of—every** individual or entity whose citizenship is attributed to that party…" (emphasis added). Thus, Plaintiff must list every member of ImageFIRST Holdings LLC and each such member's citizenship.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving jurisdiction. *Id.* Here, Plaintiff's allegations are so deficient, the Court is concerned Plaintiff is not taking either of these basic legal requirements seriously. Counsel are reminded of their duties under Federal Rule of Civil Procedure 11(b).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff must file a supplement to the complaint, within 10 days of this Order, fully and properly pleading jurisdiction or this case will be dismissed without prejudice.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that, within 10 days of this Order, Plaintiff must amend its corporate disclosure statement to comply with Rule 7.1(a)(2).

Dated this 11th day of September, 2025.

James A. Teilborg
Senior United States District Judge