**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ImageFIRST Holdings LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Banner Health, et al.,<br><br>　　　　　Defendants. | No. CV-25-03256-PHX-JAT<br><br>**ORDER** |

　　　　The complaint in this case was filed on September 4, 2025. On October 24, 2025, Plaintiff filed a motion to seal the complaint because it contains, "commercially sensitive information…includ[ing] pricing and terms that ImageFIRST maintains as confidential…. These prices and terms…may vary from customer to customer." (Doc. 9 at 2).

　　　　Once something is made public, there is no justification to seal it. *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 4718104, at *2–3 (N.D. Cal. Sept. 28, 2012) (declining to seal information already made public). The information at issue in this case has been in the public record for seven weeks. In this electronic age, there is a strong likelihood that such information has already been captured by a third-party service. Nonetheless, the Court does not have evidence of such a result, so the Court will consider the traditional standards for sealing.

　　　　Applying the "compelling reasons" standard articulated in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), the Court finds that Plaintiff has shown compelling reasons to seal the prices and terms, only. *See Pardi v. Tricida, Inc.*,

No. 21-CV-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) (applying the "compelling reasons" standard when considering whether to seal a complaint and collecting cases). However,

> "Requests to seal must be narrowly tailored." *Fate Therapeutics, Inc. v. Shoreline Bioscis., Inc.*, Case No. 22-cv-0676-H-MSB, 2023 WL 2520923, at * 1 (S.D. Cal. Feb. 22, 2023) (quoting *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 317CV01118BENBLM, 2018 WL 3055938, at *3 (S.D. Cal. June 14, 2018)); *see also Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("We have explained that, at least in the context of civil proceedings, the decision to seal the entire record of the case ... must be necessitated by a compelling governmental interest and [be] narrowly tailored to that interest."), *cited affirmatively by Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2013).

*Marinkovic v. Liberty Mut. Holding*, No. 23-CV-1084-BAS, 2023 WL 4305121, at *3 (S.D. Cal. June 30, 2023), *appeal dismissed sub nom. Marin v. Liberty Mut. Holding Co., Inc.*, No. 23-55683, 2024 WL 3617322 (9th Cir. Apr. 29, 2024).

Here, Plaintiff seeks to seal the entire complaint. The Court finds such request is not narrowly tailored to the items for which sealing is warranted. Therefore,

**IT IS ORDERED** that the motion to seal the complaint (Doc. 9) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may refile the motion if Plaintiff simultaneously files a public, redacted version of the complaint which redacts only prices and terms.

Dated this 28th day of October, 2025.

James A. Teilborg
Senior United States District Judge